The first case on our call today, which is Agenda No. 3, is No. 130351, People of the State of Illinois v. Ralph Harris. Counsel to the appellant, are you prepared to receive? Good morning, Your Honors. May it please the Court, Counsel. I'm Assistant Attorney General Michael Cibula on behalf of the People of the State of Illinois. Your Honors, the people are asking for simple relief. We're asking this Court to hold that the appellate court has jurisdiction to consider the people's appeal. In the appellate proceedings below, the people were challenging a judgment by the circuit court, where the circuit court granted the petitioner's post-conviction petition and awarded him the post-conviction relief of vacating his convictions in order of new trials. However, in a 2-1 decision, the appellate majority dismissed the people's appeal for lack of jurisdiction. According to the majority, an earlier appeal in this case, which we call Harris 1, had already implicitly vacated the petitioner's convictions in order of new trials. Can I just start right at the beginning? I am, I will tell you frankly, really, really confused about procedure here. And because this case is about procedure, I'm going to ask you to tie it, and I will certainly ask your opponents as well, help me understand what's going on in this case. So, we understand that the Post-Conviction Act is a statutory device, vehicle, by which an incarcerated person can seek relief from the conviction if that petitioner is able to prove that there was a constitutional violation in the underlying trial. I think that's what we agree, that's what the PC Act is. And the Act further goes on to say that if the court finds that the petitioner has in fact proven that there is a constitutional violation, the court shall enter the appropriate order reflecting on the judgment in the underlying trial. Okay, so we know that what happened here was there was a petition that was filed, it went to the third stage, there was a hearing, and the trial court found that the petitioner had not proven a constitutional violation. It goes to the appellate court, the appellate court reviews that. Now, here's where I don't understand. One question is, what is the standard of review for the appellate court when reviewing the trial court's decision that the petitioner has not proven its case? That's my first question. And then second, what happens then? Can you help me understand that? Sure. Just to put this in a little bit of context, and Your Honor summed it up very well, I don't really have much disagreement, but once the case reached the third stage, so this is right before the first appeal, petitioner took the position that the way the case should proceed is that the court consider only his new documentary evidence, and that if the court found that new documentary evidence raised the probability or possibility that his Fifth Amendment rights were violated, that his confessions were coerced, then it would proceed to a full hearing with live witnesses, which would determine the ultimate question of whether or not his confessions were actually coerced. I don't understand that. I don't understand that. We know that the court below, the appellate court below, found that the overruled, and again, I'm not sure what the standard of review is, the trial court's determination of a failure of proof, and then did something, and that's I think what we're all concerned about. What is it they did? And they rely on a standard that they say is derived from the Patterson case and the Maxwell case. Both of those cases are second stage cases. Exactly. They have nothing to do with what we're doing here. Exactly, Your Honor. So how do we get here? What is the appropriate standard for when there is a third stage evidentiary hearing? So when you reach the third stage, the ultimate question is whether constitutional rights were violated. The petitioner has to show, there has to be a finding that by a preponderance of the evidence, the petitioner's constitutional rights were actually violated. It's not that they maybe were violated or something like that. That's the second stage, as Your Honor alluded to. That's what Patterson says. When there's a reasonable probability that they were violated, that means you go to the third stage. But at that third stage, you actually have to establish, by a preponderance of the evidence, that your constitutional rights were violated. That's what this court has said in cases like English and Coleman and many other cases. And Your Honor, so what was the relief that the appellate court granted? In the first appeal, the appellate court expressly granted remand for a hearing with live witnesses and any other evidence that the parties wanted to put forward to answer what it called the ultimate question of whether his Fifth Amendment rights were violated. And Petitioner, to his credit, had repeatedly taken the position that he would not be entitled to new trials unless it was found that his rights hadn't been violated, his Fifth Amendment rights, if his confessions had actually been coerced. But that first appeal, there was no finding that he had proved his claims. The finding was that there was enough to move forward with a full hearing with live witnesses. That's what I don't understand. Isn't that the role of the appellate court, reviewing the third stage? That's why I was asking those kind of questions. Why was it sent back for another hearing? I don't see any other case other than those that follow Patterson and Maxwell incorrectly. I don't see any other case where something like this happens. Petitioner took the position that that's in the circuit court before the first appeal based on, like Patterson, cases Your Honor is alluding to. He took the position that that's how it should proceed. So we're not agreeing that that's the best procedure, but I should say that when a case reaches the third stage, this Court has been clear, we talked about this in our reply brief, circuit judges have discretion to determine how they're going to move forward, whether they just want to consider only documents or whether they want to have a full hearing with live witnesses. We give them that flexibility and freedom. In this particular case, we can all say this is maybe an unusual procedure. It was not the most efficient. But what the record shows is this is what Petitioner requested. It's what the circuit court and the appellate court agreed to go along with. And it's the procedure that every step of the way, he treated as if it were part of post-conviction proceedings. Ultimately, the issue before this Court is, the things that occurred on remand, were those part of the post-conviction proceedings? So was it another third stage hearing? I mean, what were they doing? I mean, I know we ended up having a new motion to suppress hearing, but what was it? It was a third stage evidentiary hearing. And I say that because not only was Petitioner, in fact, after it was remanded, not only was he continuing to litigate his Fifth Amendment claim and acknowledging that he had to prove or it had to be established that his confessions were coerced to get a new trial, he also raised, on remand, he raised a brand new post-conviction claim. He raised a Brady claim, saying that before his original trial, prosecution had violated Brady by failing to turn up evidence. So while it sometimes was called a suppression hearing, the reality is what occurred during remand was a continuation of the post-conviction proceedings. We know that because, again, Petitioner was raising new post-conviction claims. The claim, I don't understand that either. Believe me, I don't understand that. So through the entirety of the case, through appeal, remand again, the issue is about coercion. Correct. A Fifth Amendment violation. Suddenly we're talking about Brady. How does that happen? In what context? I mean, we know in the PC world it's very specific. We have really clear rules and stages and standards and et cetera. How did this all, where did this all come from? Sure, Your Honor. So at the time of the first appeal, when it was first remanded, Your Honor, sorry, there was only the Fifth Amendment claim. He then files a new pleading, which he labels a post-conviction pleading, asserting a Brady claim. So in the, I didn't understand. During remand. In the remand. Correct. The document that's filed says that this is, the Brady issue is being raised in the context of the post-conviction act. Correct? Correct. It was raised as part of the post-conviction act. And he specifically was requesting post-conviction relief through his Brady claim, saying that, you know, the people before his original trial had failed to turn over key evidence that was a constitutional violation at his original trial. Therefore, based on his Brady claim, he was entitled to post-conviction relief of vacating his convictions and ordering new trials. So I know there's a lot of discussion about this is an odd procedure, but, and in some ways it is, but it was the procedure that Petitioner requested. And the key point for this particular issue before this court is, it's what everyone treated as part of the post-conviction proceedings. He continued to litigate his post-conviction claim, his Fifth Amendment claim. He raised a new one. He labeled everything post-conviction pleadings. He referred to them as post-conviction claims, and he asked for post-conviction relief. He asked the court to vacate his convictions based on his Brady claim or his Fifth Amendment claim and order new trials. Didn't he ask for a new suppression hearing or further post-conviction proceedings? Didn't he put it in terms of both or and or? I think so, yeah. There is no mechanism for a suppression hearing within a post-conviction proceeding, is there? To the extent that it was sometimes called a suppression hearing, I think that's irrelevant because it was treated as a... But that's not what I'm... Your Honor is correct that there's nothing in the Post-Conviction Proceeding Act that specifically says that relief can be granted of a new suppression hearing. The relief that is granted in post-conviction proceedings, if you are meritorious, is that your conviction is vacated and you're awarded new trials. Well, or relief of that nature. I mean, I think that it isn't necessarily always a new trial. That's how... The only post-conviction cases I'm aware of or that my opponent has cited, and I've litigated a great number of post-conviction, is you get a new trial if there was a constitutional problem at your trial or if there was a constitutional problem at your sentencing and you get a new sentencing hearing. But you do not file a post-conviction petition and say, you know, I want a new fried hearing or I want a new basking hearing or I want a new suppression hearing. What you're asking for and what you're arguing is that in my trial there was a constitutional violation, and therefore I am entitled not to a suppression hearing or anything like that. I'm ultimately entitled to a new trial and vacator of my convictions. So further, so that I can finish my question. So if a suppression hearing isn't something that's done in the post-conviction proceeding, you know, it's not one of the things that you said, well, whatever they called it, this is what happened. Suppression hearings happen in the trial court, in a trial court proceeding. Pre-trial, yes. And in the context of that, if you ask for that relief and you are appealing from the denial of a third stage evidentiary proceeding in a post-conviction petition, aren't you asking to go back to the trial court to have a new proceeding, to have a new trial, since that's where that proceeding takes place? In his post-conviction petition, maybe this is the best way to answer it, in his post-conviction petition, he was asking for a new trial, for a vacator of this. That's the ultimate relief, because that's the ultimate relief that you request in post-conviction proceedings. On the appeal, he did ask for remand for further proceedings. And in an appeal, sometimes it's called a hearing, sometimes it's called a suppression hearing. What everyone understood it to be, though, was a continuation of post-conviction. We know that because, again, he raised new post-conviction claims during those proceedings, he litigated them during the hearing, and he continually took the position that he was not entitled to post-conviction relief, new trial, vacators of convictions, unless it was established that his constitutional rights were actually violated. So you cannot file a post-conviction petition saying all I want is a suppression hearing. The fundamental purpose of post-conviction proceedings are to determine whether a constitutional violation actually occurred at your trial. So what that means is that post-conviction proceedings do not end unless one of two things happens. Either a court finds that your claims are meritorious, yes, your constitutional rights were violated at your trial, in which case they award you a new trial and vacate your convictions, or the court denies your claim. The court says your claim is meritless or it's untimely or it has some other procedural defect. But what happened here, the trial court denied the motion to suppress, but that wasn't the end of it. Correct, and that's because the appellate court said this was premature. All you've looked at is documents. We need to have remand for a full hearing with live witnesses. There's nothing wrong with that. That happens frequently where a court will deny something maybe prematurely. The party says, well, wait, you should have considered this other evidence. That's what happened on that appeal. But does it happen in this context, the third stage? Doesn't that hearing where the burden is on the petitioner to prove that there was a constitutional violation, that happens as a piece of the post-conviction hearing. But my question is what happens on appeal? So if the trial court looks at the trial court and reviews what the evidence was, the trial court said there was not evidence to find that there was a constitutional violation. The appellate court says, I'm not sure what the standard is. I think maybe manifest way, says that they disagree with the finding of the trial court. What is the appellate court supposed to do? Enter an order vacating the conviction? No. So if ‑‑ I believe the standard is manifestly erroneous. But when a party appeals a decision that denies their petition, which is the first appeal, they can make basically two arguments. They can say the circuit judge got this wrong. I proved my claim. Give me post-conviction relief. Vacate my convictions. Give me new trials. Or the post-conviction petitioner can say there were problems in the process below. And that's what happened here. The post-conviction petitioner said I should have had a hearing with live witnesses and I should have a new judge because I think this judge is biased against me. So what the petitioner was arguing was not that I have proven my claim. He was arguing I need remand for further proceedings in front of a different judge in an attempt to prove my claim. And when it was remanded, that's what he did. He continued to treat it as if it were post-conviction litigation by litigating this Fifth Amendment claim, raising new Fifth Amendment claims, raising new Brady claims, and asking for vacated conviction and new trials. The appellate majority below found that the first opinion had implicitly vacated the petitioner's convictions. It could not have done that because he had not proven his claim at that point. Everyone agrees with that. It could not have done that because in his appellate briefs for that first appeal, he specifically said I am not yet asking this court to grant me new trials. He understood he was not entitled to new trials at that time because he had not proven his claim. And as I mentioned, on remand, he, the people, the circuit judge, all understood that the first appeal had not granted him new trials. Circuit judge specifically said this is on remand. We've not been ordered to do new trials. We've been ordered to do this hearing. No one disagreed with that. Instead, for all the reasons I mentioned, I won't repeat myself, he continued to treat it as if it were part of post-conviction litigation. But you understand the appellate court to have said the third stage hearing that took place was procedurally flawed in some way and therefore there had to be another third stage hearing, whatever we're going to call it? Yeah, I think the appellate court was saying it was premature to decide whether the ultimate question of whether or not his constitutional rights were violated. He couldn't just make that decision based on the new evidence, the new documentary evidence, which was all that was presented at the first hearing. And so the court said, mentions the word impeachment several times, that this evidence could impeach people who had testified at the original discretion 20 years ago, and therefore there needs to be a hearing where they are confronted with this new evidence, evidence that they have a history of coercion and other cases. We need to have that hearing, which was the relief he was asking for on appeal, and we need to assign it to a different judge because this judge has shown a tendency of believing the state's case rather than the petitioner's case. But when it went back on remand, and correct me if I'm wrong, the trial court denied the motion to suppress. I would say it didn't deny the motion to suppress, it denied the post-conviction claim. Whatever. It denied the post-conviction claim. He did not grant relief following the hearing. We'll put it that way. Whatever. Well, I would say this, because this goes to what the people were feeling below. Your Honor is exactly correct that the circuit judge on remand said, use the word ludicrous. Your coercion claim is ludicrous, and went through a very detailed explanation of why it was completely meritless based on objective evidence. However, at the very end, it was a very long oral ruling. At the very end, the judge said, but you know, maybe if you had presented some of this evidence to a jury, they might have weighed your confessions differently. And I'm therefore. That's what we're appealing, and that's what we're asking. Under what rubric? This is a post-conviction petition. One argument, this is a Fifth Amendment claim. There is coercion. Now, suddenly we're like in the Brady world. I agree with you, Your Honor, 100%, and that's why we want to appeal in the appellate court. That's why we're saying our appeal should be heard in the appellate court, because we're saying that the judge granted post-conviction relief on a claim that was not really before it, and even if that claim was hypothetically before it, the judge didn't examine the evidence, didn't examine the evidence of his guilt, including numerous eyewitnesses who identified him. So didn't even, whether it was a Brady claim that he ultimately granted relief, I think it was really an actual innocence claim, which was not raised at all, didn't go through all of the evidence like you would have to do for a Brady claim or an actual innocence. That is why we are appealing to the appellate court, and that is why we're asking this court to hold that the appellate court has jurisdiction to consider this appeal. And just one last point, Your Honor, is that the appellate opinion is based on the idea that the first petition granted a new trial. I think it's clear even the petition doesn't really defend that itself. So unless there are other questions, we would ask this court to remain to the appellate court. Thank you. Thank you very much, Counsel. Counsel, please. Good morning, Your Honors. May it please the court. Tyler Murray on behalf of Petitioner Appellee Ralph Harris. What's essentially before you, Your Honors, is a jurisdictional question. And I'm going to try and frame that for you and in the process answer the questions that have already been raised. So contrary to the state's position, the appellate court was correct in dismissing the state's appeal for lack of jurisdiction. Two separate grounds properly supported the dismissal. First, Supreme Court Rule 604A does not permit an interlocutory appeal of a new trial order. Second, new trials were already conducted. So why was it a new trial order? Why was it a new trial order? Yes, so the circuit court ordered a new trial because the evidence related to the pattern and practice of abuse was not available to defense counsel in the earlier trials. That is a Brady-Giglio violation. My question was inartfully drafted. It sounds to me like the appellate court ordered a complete do-over. You know, instead of ruling on what was before, it was like a do-over. So the petitioner got to do everything all over again and it's not clear to me what happened in the do-over. So I think that's exactly right. To the extent by do-over you mean the court had ruled on the petition for post-conviction relief. The court found that there was proof of a constitutional violation. Yes. Is that correct? The appellate court did? In the appellate court? So the term that it used was manifest error, and a finding of manifest error is a sufficient finding to grant post-conviction relief and then send the matter on remand back to the trial court for a criminal suppression case. So just so that I understand this, because I'm confused, okay, you are saying that the trial court, pursuant to the Post-Conviction Act, determined that the petitioner proved there was a constitutional violation. Where does the appellate court say that? So the appellate court in Harris 1, remanded after finding the new evidence presented by Mr. Harris was of such a character that the outcome of the suppression hearing would likely have changed if the testimony of the officers had been subject to impeachment. And where would they get that standard? Where is that standard coming from? So that, if you have material impeachment evidence that is not available, that's a Gileo violation. But that had never been raised in the appellate court at that point. That whole idea of Brady and Gileo was not before the appellate court when they made that statement, right? That issue was not there. The Brady issue doesn't come until after remand. Much later, right? In the appellate court, was a Brady issue raised in the post-conviction petition? Throughout the previous post-conviction proceedings, in terms of how that matter was framed, Brady, Gileo, we'd be happy to submit supplemental filing identifying where that happened. But it was not a narrow coercion Fifth Amendment claim. But you're saying that when the court said, the appellate court said, that the evidence was sufficient to raise a likelihood of success on merits, basically, right? That's basically what they said? Correct. That that was a finding, that there was sufficient proof of coercion to vacate the conviction under the Post-Conviction Act. Is that what you're saying? What I'm saying is that when the court found manifest error based on the unavailability of that evidence, that was sufficient to vacate the conviction. Is that what they said? It is. Isn't it saying it's a likelihood? In other words, I want to get to the – They rely on a world case, W-H-I-R-L, right? And the world case, that is what the appellate court relies on. The world case cites Patterson and Maxwell. You read Patterson and Maxwell, those are second-stage cases. So it would appear that the appellate court is using the second-stage standard and not the third-stage standard, that there has to be proof. What am I missing? So our position is that the court was not relying on a lesser second-stage standard but instead found manifest error and said so expressly. That's not a second-stage standard. We found manifest, prejudicial, consequential error. That's what manifest error means. And that is why the court properly said we are granting the request for post-conviction relief. This post-conviction proceeding is over. Because the defendant has met the statutory burden of proving a Fifth Amendment claim. Correct. And we are remanding for a criminal suppression hearing. You did not see the court say, you know, we're going to remand for an additional, I guess it would be fourth post-conviction stage proceeding. No, it remanded for a suppression hearing. And you look at what happened underneath at the suppression hearing. Who bore the burden of proof? And I think this was previously addressed, but I think it bears repeating. When you look at who bore the burden of proof, it was the state. And the state didn't object. Counsel, why wasn't it a fourth, third-stage hearing? I mean, it sounds like that, like the court, that's what I asked before. Like, was this a complete do-over of a third-stage hearing? Well, it wasn't a complete do-over. As I was just about to say, the state bore the burden of proof. And I'll point, Your Honors, to your case in People v. Braggs, a 2003 decision. The state bearing the burden of proof is what is required in a pretrial criminal suppression hearing. And had the proceeding in the circuit court been some sort of continuation of the habeas proceedings, Mr. Harris would have borne the burden of proof. But he did not. And the state didn't object because it didn't have any basis to object. In addition to that fundamental tenet of a suppression hearing, all the key things. Well, Counsel, what about the position your client took in the appellate court? Isn't it true that in the appellate court, your client took the position that, I have not proven a constitutional violation. I need to go back to have an opportunity to present additional evidence to prove a violation. And I'm not asking for a new trial at this time. I mean, is that the position your client took in the appellate court? So, throughout the post-conviction proceedings, as Counsel acknowledges, Mr. Harris asked not just for a new suppression hearing, but also for new trials. And I agree with you, Justice Tice, that when you look at the case law, it's not always clear what the precise standard is for a determination that a petitioner has met its burden for post-conviction relief. Counsel, on appeal, the first appeal, did your client take the position that, I'm not asking for a new trial at this point. I'm simply asking to go back and be able to provide additional evidence. I need another hearing to prove that. Did your client take that position? Our client never, and I want to answer your question directly, never said, I am waiving a request for a new trial. Well, that wasn't my question. I understood. I think there were times throughout this winding procedural road that Mr. Harris did request the relief that he believed was available to him at the moment. But it never, he never. It was a do-over. He never abandoned. He asked for a do-over. He asked for another hearing. He asked for a suppression hearing. So he got a new hearing. Yes. But in saying that, is he not conceding that he has not proved his claim of a constitutional violation? He wants an opportunity, a further opportunity to prove a constitutional violation. Correct. And he doesn't have to, in his post-conviction proceedings, conclusively prove a Fifth Amendment violation for the matter to be remanded for a new suppression hearing. Why? And a new trial, because the court found manifest error. The court said, hey, there was a problem with the proceedings underneath. We do need to send it back for a suppression hearing. And manifest error. So what do we do with it back, that it goes back, however it goes back? Sure. Whatever this was, suppression hearing, do-over of the third stage, whatever it was that happened, this real unusual procedure. And a hearing is held, and the court, having heard all the evidence, says there was no constitutional violation. What do we do with that? So that was a narrow ruling on the suppression motion, that the state had met its burden that the statements were not coerced. But I think the circuit court had a problem with the fact that, say, Detective McDermott did not testify. And you need to separate, not saying you, one needs to separate that finding from a finding that Mr. Harris and his lawyers did not have the benefit of all of this impeachment evidence. Pattern and practice of abuse at Area 2 didn't have the benefit of that giggly old material. So counsel, does that rise to the level of a constitutional violation? And if so, why didn't the court say that? It absolutely does. And did the court say that? I don't know that the court used the precise word. Well, let's assume that a trial court understands what a constitutional violation is for purposes of a new trial. Wouldn't you expect that the trial court would say that if that's what the court found? Well, I think it's finding that Mr. Harris should have been entitled to that giggly old evidence. I think that is enough to demonstrate that he made a finding that there was a significant constitutional violation. But is that in the court's order? Where does the court say that? Where does the trial court say what you just said? Well, he does say that they should have been entitled to that impeaching evidence, that significant impeaching evidence. And that is, by its very nature, giggly old material. I don't know that the trial court needed to use the word constitution for its basis to be proper. But if the court had, we wouldn't be here arguing this. Isn't that right? I mean, it would have. I assume that the trial court understands the clarity between saying it's a constitutional violation and not saying it. So I'm just asking you, where in the court's order is that stated? Or are you asking that somehow we should read that into the court's order? Well, I'm not asking you to read something into the court's order that isn't there. What I am asking is that you take the plain language of the order and conclude, and there isn't a leap here, that that does in fact constitute a constitutional violation. So there isn't tension between denying the motion to suppress based on an allegation of a coerced statement and a finding that there was material impeaching evidence that the defendant was entitled to but didn't have. Now, I would like to spend a moment or two on Rule 604. As that rule is applied here, it's plain. A non-final order granting a new trial in a criminal case isn't appealable under that rule, period. If we find that this was a continuation of the post-conviction hearing, does that change whether or not this is appealable? It does. It does. And I think the state recognizes that Rule 604 poses a significant problem for its appeal. So it tries to circumvent the rule by arguing that the new trial order wasn't issued as part of a criminal case, but instead was somehow a continuation of the habeas proceedings. And that's just not correct. The proceeding in the circuit court after remand was a criminal proceeding. When you look at what the appellate court in Harris 1 said, it explicitly remanded the case for a suppression hearing after granting post-conviction relief. And as Your Honor pointed out, the hearing wasn't a hearing under the Post-Conviction Act for a number of reasons. One, because a suppression hearing isn't one of the options under the Act. And let's go back, too, to what the circuit court stated at the beginning of the proceedings on remand. These matters are before the court to conduct a new suppression hearing that's based on the appellate court granting the request for post-conviction relief. So post-conviction relief had been granted. That's what the trial court understood. That's what the parties understood. So this wasn't a fourth post-conviction stage to determine if relief was appropriate. And again, the hearing had the earmarks of a criminal suppression hearing. We already talked about the burden of proof throughout the nine-month hearing. All of the pleadings had the criminal case number on it, not a civil number. And if that wasn't enough, you look at what the appellate court in Harris 2 said. They expressly stated that it had remanded for a suppression hearing, not additional post-conviction proceedings. I think the appellate court statement on what it did and what it intended to do carries some weight. So going back to trying to figure out Harris 1, what happened there? In paragraph 49, it says, the circuit court acts as the finder of facts at the evidentiary hearing, this is the original PC third stage, resolving any conflicts in evidence, etc. And then it goes on to say, at the evidentiary hearing, this is paragraph 50, the circuit court's purpose was not to determine the ultimate issue of whether defendant's confession was coerced, citing people versus word. Rather, the sole issue before the circuit court is whether the outcome of defendant's suppression hearing would have been different if the officers who denied using physical coercion had been subject to impeachment based on this new evidence. So what the appellate court was saying in Harris 1 is that the purpose of the third stage was not to determine the ultimate issue of whether defendant's confession was coerced. Is that correct? Yes, and if you look at Harris 2, Harris 2 reaffirms that by saying, and Your Honor, I'm looking at page 60, this new evidence was conclusive enough that the outcome of the suppression hearing likely would have been different. Is that the same thing as making the ultimate finding? Or is it this likelihood? Again, they're citing people versus world and people versus Patterson in paragraph 50, both of which, I mean, people versus Patterson is a second stage case. Is that the correct stand? Is the appellate court correct in Harris that the purpose of a third stage hearing is not to determine the ultimate issue? Is that correct? That it's not to determine the ultimate issue? We believe that Harris 1 and Harris 2 on that point are correctly decided, Judge. Now, we also, and I apologize if I'm beating a dead horse, think it's important to look at the standard that the court did apply. And the standard that it did apply was manifest error. It didn't apply, hey, we're almost there, or you've made enough of a showing that we want to take a closer look. It made an express finding of manifest error. The sole issue before the Supreme Court, Harris 1 says, was whether the outcome of defendant suppression hearing would have been different. So it's this likelihood kind of idea. So you're saying that the purpose of the third stage hearing is just to try to have this likelihood idea rather than the ultimate determination of the issue of coercion. Is that correct? That's right, Judge. And I will also point you to Harris 2, page 57, probably not certainty is the key as the court effectively predicts the outcome of the suppression hearing, considering all the evidence both new and old together. I'll also add that just as the state can't pursue an interlocutory appeal of the trial order, Mr. Harris couldn't have pursued an interlocutory appeal of the suppression motion denial. So in short, the state can't escape the clear bar imposed by Rule 604 by contorting the proceedings below to be something that they were not. May I have a moment to wrap up? Here, Your Honors, the trial court ordered new trials. The appellate court's prior granting of a new suppression hearing also contemplated new trials. Those rulings were proper and should not be disturbed. Also proper was the appellate court's decision dismissing the state's appeal for lack of jurisdiction, which the court plainly did not have. We therefore respectfully request that the appellate court's decision be affirmed and the case be remanded to the circuit court so Mr. Harris can pursue the new trials to which he's entitled. Thank you very much, counsel. Counsel, the appellate will apply. Thank you, Your Honors. There's a couple of things I wanted to briefly address, if I may. Counsel was asking questions about what was actually argued during the first appeal. What did he ask for? This is on page 59 of our appendix, which is from his first brief in the first appeal. And he expressly said at this procedural juncture, Petitioner is not asking this court for a new trial or even for this court to suppress his purported confessions. He was not asking for a new trial. The court didn't implicitly grant one. So all this discussion of Rule 604 doesn't matter. What happened on remand was a do-over or a continuation of post-conviction proceedings. My opponent argued that post-conviction relief was already granted. Well, post-conviction relief is an order vacating your convictions and granting you trials. Obviously, the first appeal didn't do that. And he knows he didn't do that because he continued to litigate his Brady claim and his suppression claim. You would not need to ask the circuit court to award you a new trial, as he did on remand, if an appellate decision had already granted you that relief. He's effectively arguing that at the third stage, you only have to show that maybe your constitutional rights were violated. That's not the law. This court said in Coleman that you're entitled to a new trial only if you have established a denial of a constitutional right by a preponderance of the evidence. This court said in Brisham, all these are cited in our brief, in order to prevail under the Act, the defendant must establish a substantial deprivation of his rights under the United States Constitution or Constitution of Illinois. You have to actually prove that your rights were violated. So the court here found the opposite. The held court in Harris 1 found the opposite of that, saying that the purpose of the third stage is not to determine the ultimate issue, citing Peeble v. Wuerl. Should that case be overruled? Sure. Wuerl is absolutely bad law. And I think a couple of points need to be made about Wuerl. Wuerl, as I think Your Honor alluded to, relies on Patterson, which is a second-stage case. That's fundamentally different. Second stage, you only have to show a probability to get to the third stage. But once you're at the third stage, that second-stage precedent, like Patterson, doesn't matter anymore. Because at the third stage, as this court has clearly said, including in some of the cases I just mentioned, you have to actually prove that your rights were violated. And that's a law that's common sense. We don't give post-conviction petitioners new trials because, well, maybe their rights were violated. We have a hearing, and we determine the ultimate issue. Were their rights violated? One last thing to clear up. Brady, as I mentioned. The fact that he litigated Brady for a man shows he was understood as part of the post-conviction proceedings. I believe, perhaps inadvertently, my opponent said that Brady was raised during the first appeal. Absolutely he was not. You can see that basically just on these sites that are attached to our appendix. So unless there are any other questions, Your Honor, what occurred during remand was a continuation or do-over of post-conviction proceedings. We know that based on the law. We know that based on the record. Therefore, the appellate court does have jurisdiction to consider the people's appeal. And so we would ask to remand for that purpose. Did the circuit court think that this was a suppression hearing and not a continuation of the post-conviction hearing? No. I think the circuit judge understood that it was a continuation of post-conviction proceedings because, and that's a great question because we have to keep in mind that the judge denied the coercion claim at the end of remand, but he granted relief under what was essentially an actual innocence claim or a Brady claim. Both of which are claims that you raise in post-conviction proceedings. You don't raise a Brady claim in pretrial proceedings. You don't raise an actual innocence claim in pretrial proceedings. So the judge fully understood this was a continuation of post-conviction litigation. After all, the petitioner was labeling all of his pleadings before the judge as post-conviction pleadings. And he was specifically asking for post-conviction relief. He was asking the judge to vacate his convictions and order new trials. That is the exact kind of relief that you request during post-conviction proceedings. It is not the kind of relief, obviously, you request during pretrial proceedings. My opponent is trying to argue what happened in remand was some sort of pretrial. Then why was he raising the Brady claim? Why was he asking the court to vacate his convictions? Why was he asking the court to grant him new trials? You wouldn't do that if the case was really in a pretrial status. Well, I thought I heard opposing counsel say that the circuit court said something along the lines of the appellate court found a constitutional violation. We have, I believe, the exact quote in our brief. And I apologize, I don't have it in front of me. But it is cited in our brief. And the importance of that quote is the judge specifically said on remand, the circuit court did not order us to do new trials. The appellate court, you mean? I'm sorry. The circuit court judge said on remand, the appellate court did not order us to conduct new trials. So that's pretty clearly the circuit court's judge saying, look, this is not a pretrial proceeding. We're continuing on with the post-conviction. And some of this is so common sense I struggle with it a little bit. But if the judge had found, if the judge believed that the appellate court had found a constitutional violation, then what were they doing at the hearing? Why were they litigating the suppression? Why were they raising Brady claims again? They did that because they knew that there had not been a finding that his constitutional rights were violated. And they all understood. And we cite in our brief, Petitioner expressly said, as counsel expressly said in open court, that unless and until there was a finding that his rights were violated, he was not entitled to a new trial. Thank you. Thank you. In this case, agenda number three, number 130351, people of the state of Illinois versus rural Paris will be taken under advisement. Thank you, counsel, for your arguments.